UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LISA M. P.,

Plaintiff, 5:25-CV-0908 (GTS/CBF)

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

OLINSKY LAW GROUP HOWARD D. OLINSKY, ESQ.
*Counsel for Plaintiff*
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION GEOFFREY M. PETERS
OFFICE OF GENERAL COUNSEL
*Counsel for Defendant*
6401 Security Boulevard
Baltimore, Maryland 21235

HON. GLENN T. SUDDABY, United States District Judge

**<u>DECISION and ORDER</u>**

Currently before the Court, in this Social Security action filed by Lisa M. P. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Carla B. Freedman recommending that Plaintiff's motion for judgment on the pleadings be denied and Commissioner's decision be affirmed, (2) Plaintiff's Objection to the Report-Recommendation, and (3) the Commissioner's Response to Plaintiff's Objection. (Dkt. Nos. 19, 20, 21.) For the reasons set forth below, the Report and Recommendation is accepted

and adopted in its entirety, Plaintiff's motion for judgment on the pleadings is denied and the Commissioner's decision is affirmed.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Freedman's Report and Recommendation

Generally, in her Report and Recommendation, Magistrate Judge Freedman determined that the Commissioner's decision should be affirmed because the ALJ's RFC finding is supported by substantial evidence and based upon a proper supportability and consistency analysis, and because the ALJ fully explained her reasoning for assigning Dr. Medrea's opinion only partial weight. (Dkt. No. 19.)

First, Magistrate Judge Freedman found the ALJ's decision to assign Dr. Medrea's opinion only partial weight was properly supported because (1) the ALJ validly relied upon the fact that Dr. Medrea did not treat Plaintiff during the relevant period and her opinion was issued after Plaintiff's last insured date (thus limiting the probative value of her opinion), and (2) the ALJ supportably found that Dr. Medrea's opinion did not provide an explanation for her finding that Plaintiff would require daily unscheduled breaks and that this finding was inconsistent with other opinion evidence in the record which did not identify any restrictions for unscheduled breaks or off task time. (*Id.*)

In addition, as to Plaintiff's argument that the ALJ erred by failing to acknowledge the consistency between Dr. Medrea's opinion with LCSW-R Nichols' opinion when finding that Dr. Madrea's opinion was inconsistent with the other opinion evidence, the ALJ explained that she found Therapist Nichols' opinion was also unpersuasive because she started treating Plaintiff

only a few months prior to Plaintiff's last insured date and her opinion was inconsistent with Plaintiff's mental status examinations. Moreover, to the extent Plaintiff is arguing the ALJ failed to explicitly weigh the consistency factor, Magistrate Judge Freedman noted that although two opinion sources – in this case Dr. Medrea and Therapist Nichols – may reach similar conclusions, the regulations do not require they be assigned greater evidentiary weight where the ALJ finds those conclusions to be otherwise inconsistent with the other evidence in the record (as she did here). (*Id.*)

Second, Magistrate Judge Freedman determined that the ALJ properly considered the combined effects of Plaintiff's headaches and mental health symptoms and provided sufficient reasons for rejecting same, finding that (1) Plaintiff's statements concerning the intensity, persistence, and limiting effects of her headache symptoms were inconsistent with evidence in the record, and (2) evidence showing that Plaintiff had normal mental status examinations, was not prescribed any mental health treatment or medications, and was involved in a broad range of daily activities supported the level of restriction included in the RFC. Because Plaintiff cannot point to any medical evidence supporting greater limitations than those accounted for by the ALJ's RFC finding and because she cannot point to any legal error, Magistrate Judge Freedman recommends that the Commissioner's decision should be upheld. (*Id.*)

**B. Plaintiff's Objection to the Report and Recommendation**

Generally, in her Objection to the Report and Recommendation, Plaintiff asserts that the ALJ engaged in a selective consideration of the evidence and failed to articulate her reasoning for finding Dr. Medrea's opinion inconsistent with other evidence in the record. (Dkt. No. 20.)

More specifically, Plaintiff argues the ALJ overlooked Dr. Medrea's neurology findings and ignored earlier evidence of Plaintiff's headache condition from October 2019 to September 2022. (*Id.*)

In addition, Plaintiff argues that Magistrate Judge Freedman erred in finding the ALJ's analysis to be properly supported because (1) the ALJ failed to account for the consistency between Dr. Medrea's opinion and that of Therapist Nichols, and Magistrate Judge Freedman concedes the ALJ did not clarify which opinion evidence was inconsistent with Dr. Madrea's opinion, and (2) the ALJ's conclusory analysis of supportability and consistency precludes the Court from conducting a meaningful review of her findings. (*Id.*)

**C. Commissioner's Response to Plaintiff's Objection**

Generally, in his response to Plaintiff's objections, the Commissioner asserts Plaintiff has merely reasserted her arguments with respect to the ALJ's consideration of evidence and the consistency/supportability thereof that were made in her original briefing and has failed to point to any legal error in the ALJ's decision or the Report-Recommendation. (Dkt. No. 21.)

More specifically, Commissioner asserts that, as to the supportability factor, the ALJ properly explained that she found Dr. Medrea's opinion to be less probative because she had not treated Plaintiff until after the date last insured, as an ALJ is not required to discuss every piece of evidence, particularly records from after a claimant's date last insured that do not speak to the limitations that existed prior to that date. As to consistency, the ALJ properly based her determination on (a) Plaintiff receiving only conservative treatment for her headaches prior to the date last insured and evidence showing normal diagnostic tests, and (b) the fact that no other medical source found that Plaintiff would require unscheduled breaks due to headaches. (*Id.*)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

## III. ANALYSIS

After carefully reviewing the relevant findings in this action, including Magistrate Judge Freedman's thorough Report and Recommendation, Plaintiff's objections and Commissioner's responses thereto, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Freedman employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. The Court would add the following points.

The Court finds Plaintiff's objections do not raise a specific objection to Magistrate Judge Freedman's Report and Recommendation that would merit *de novo* review. Rather, her arguments amount to little more than disagreement with the Report and Recommendation's overall conclusions. As such, the assessment here is one of determining whether Magistrate Judge Freedman's conclusions are the product of clear error.

There is no such clear error here. Many of Plaintiff's arguments regarding supposed errors in the Magistrate Judge's analysis are based on misinterpretations of what she actually found, and review of the Report and Recommendation shows that Magistrate Judge Freedman in fact addressed all of the points Plaintiff argues she supposedly ignored, and she explained in a clear manner why the ALJ's findings related to the opinion evidence and the assessment of the effect of Plaintiff's migraine headaches were supported by substantial evidence. Again, the fact that Plaintiff disagrees with those findings or would like the evidence to be weighed in a different manner does not establish an error in either the ALJ's findings or the Report and Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Freedman's Report and Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. Nos. 14) is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint be **DISMISSED**.

Dated: September 30, 2026
Syracuse, New York

HON. GLENN T. SUDDABY
United States District Judge